

# Fourth Court of Appeals
## San Antonio, Texas

**JUDGMENT**

No. 04-22-00170-CV

Debra **LISKA**, Individually; Leigh Williamson; and Stephen J. Williamson;
Appellants

v.

Patricia **DWORACZYK**; Anthony L. Dworaczyk, Jr.; Kellie Ann Dworaczyk; Patrick
Dworaczyk; Jaqueline Leavy; Kayla Jendrusch; and Edward Jendrusch, III;
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 20-09-00165CVK
Honorable Lynn Ellison, Judge Presiding

BEFORE JUSTICE RIOS, JUSTICE RODRIGUEZ, AND CHIEF JUSTICE MARION (Ret.)[1]

In accordance with this court's memorandum opinion of this date, the trial court's February 16, 2022 final judgment, which incorporates its August 5, 2021 interlocutory summary judgment, is REVERSED AND RENDERED IN PART. Specifically, we REVERSE the following declarations:

B.  The Bequest describes the entire interest in the mineral estate that Eugene J. Dworaczyk owned in the entire 118.4 acre Parcel, and is not limited to the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit (as described in the Designation of the Dragon Horizontal Unit filed as document no. 00096923 in the real property records of Karnes County, Texas).

C.  The Bequest, upon the death of Eugene J. Dworaczyk, conveys an undivided: (1) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Patricia Dworaczyk; (2) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Anthony L. Dworaczyk Jr.; (3) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the

---

[1]Sitting by assignment pursuant to section 74.003(b) of the Texas Government Code

Parcel to Kellie Ann Dworaczyk; (4) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Patrick Dworaczyk; (5) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Walter Doty; (6) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Jacqueline Leavy; (7) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Kayla Jendrusch; (8) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Ed Jendrusch, III; (9) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Mark A. Williamson; and (10) Ten percent (10%) of the entire mineral interest owned by Eugene J. Dworaczyk at the time of his death in the Parcel to Stephen J. Williamson, such conveyance constitutes the conveyance of all of Eugene J. Dworaczyk's interest in the mineral interests in the Parcel at the time of his death.

We RENDER judgment declaring the following:

B.   The Bequest describes the mineral estate that Eugene J. Dworaczyk owned in the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit (as described in the Designation of the Dragon Horizontal Unit filed as document no. 00096923 in the real property records of Karnes County, Texas).

C.   The Bequest, upon the death of Eugene J. Dworaczyk, conveys an undivided: (1) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Patricia Dworaczyk; (2) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Anthony L. Dworaczyk Jr.; (3) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Kellie Ann Dworaczyk; (4) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Patrick Dworaczyk; (5) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Walter Doty; (6) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Jacqueline Leavy; (7) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Kayla Jendrusch; (8) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Ed Jendrusch, III; (9) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries

of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Mark A. Williamson; and (10) Ten percent (10%) of the portion of the Parcel that is located within the geographical boundaries of the Dragon Horizontal Unit owned by Eugene J. Dworaczyk at the time of his death to Stephen J. Williamson.

Additionally, to the extent the trial court's judgment states:

> It is further ORDERED that the portions of the Executrix's Mineral Distribution Deed filed in the real property records of Karnes County on August 12, 2019, and persisting in those records as Instrument Number 201900003441, relating to the decedent's mineral interest in the Parcel are null and void to the extent inconsistent with this [J]udgment and shall not cast a cloud upon the title awarded to Plaintiffs in this Judgment.

we MODIFY the judgment to state:

> It is further ORDERED that the portions of the Executrix's Mineral Distribution Deed filed in the real property records of Karnes County on August 12, 2019, and persisting in those records as Instrument Number 201900003441, relating to the decedent's mineral interest in the Parcel are null and void to the extent inconsistent with this Judgment and shall not cast a cloud upon the title awarded to the parties in this Judgment.

This part of the judgment is AFFIRMED AS MODIFIED.

We REVERSE the award of attorney's fees in the judgment and REMAND the case to the trial court to reconsider what award of attorney fees, if any, is appropriate under the circumstances.

Costs of appeal are taxed against the parties who incurred them.

SIGNED January 24, 2024.

Liza A. Rodriguez, Justice